IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GARY STUART, :
:
            Petitioner, :
:
v. :   Civ. Act. No. 09-250-LPS
:
PERRY PHELPS, Warden, and JOSEPH :
R. BIDEN, III, Attorney General :
of the State of Delaware, :
:
            Respondents. :

---

Gary Stuart. *Pro se* Petitioner.

Paul R. Wallace, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

April 1, 2011
Wilmington, Delaware

**Stark, District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Gary Stuart ("Petitioner"). (D.I. 2) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## BACKGROUND

Petitioner was indicted on the charge of first degree murder in June 2006. He pled guilty to second degree murder in April 2007, and the Superior Court sentenced him on June 8, 2007 to fifty years of imprisonment. Petitioner did not file a direct appeal. *Stuart v. State*, 970 A.2d 257 (Table), 2009 WL 685164, at *1 (Del. Mar. 17, 2009).

In July 2007, Petitioner filed a motion to reduce his sentence, which the Superior Court denied. Petitioner did not appeal that decision. (D.I. 19, Del. Super. Ct. Dkt. Entry Nos. 22, 23)

In February 2008, Petitioner wrote to a Superior Court judge, asking for a new trial on the ground that his attorneys had compelled him to plead guilty. The judge responded, directing Petitioner that he should use the form for post-conviction relief provided by the Prothonotary if he was seeking post-conviction relief on the basis of ineffective assistance of counsel. (D.I. 19, Del. Super. Ct. Dkt. Entry Nos. 24, 25) On June 2, 2008, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61, asserting two grounds: (1) defense counsel did not provide him with a copy of the materials the prosecution had turned over to the defense during discovery; and (2) defense counsel "promised him he would only receive a twenty year Level V maximum sentence" if he accepted the prosecution's plea offer. (D.I. 19, Motion to Affirm, *Stuart v. State*, No.551,2008, at B46-B53) In an amendment to the Rule 61 motion, Petitioner asserted that: (1) the indictment was defective because it failed to

1

"allege the definite 'time' specific to the commission of the offense;" and (2) the Superior court failed to advise him of the maximum sentence. (D.I. 19, Motion to Affirm, *Stuart v. State*, No.551,2008, at B54-B59) The Superior Court denied the Rule 61 motion as meritless. *State v. Stuart*, 2008 WL 4868658, at *3 (Del. Super. Ct. Oct. 7, 2008). Petitioner appealed, raising only the two ineffective assistance of counsel arguments presented in his original Rule 61 motion. (D.I. 19, Opening Brief, *State v. Stuart*, No.551,2008) The Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. *Stuart*, 2009 WL 685164, at *1.

Petitioner timely filed the instant Petition. (D.I. 2) The State filed an Answer, asserting that the Petition should be dismissed. (D.I. 17)

## GOVERNING LEGAL PRINCIPLES

### The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

**Legal Standards**

When a state's highest court has adjudicated a federal habeas claim on the merits,[1] the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that clear and convincing standard in § 2254(e)(1) applies to factual issues).

## DISCUSSION

The Petition asserts two grounds for relief: (1) Petitioner's two defense attorneys rendered ineffective assistance by failing to provide him access to the discovery materials that had been produced to them by the State, and by failing to provide a reliable assessment of such evidence; and (2) defense counsel rendered ineffective assistance by incorrectly guaranteeing that

---

[1] A state court decision constitutes an adjudication on the merits for the purposes of § 2254(d) if the decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

Petitioner's maximum sentence under the plea agreement would be twenty years at Level V imprisonment, and by forcing Petitioner to falsely state to the Superior Court during the plea colloquy that he was entering into the plea agreement of his own free will. The Superior Court adjudicated these claims on the merits, and the Delaware Supreme Court affirmed that decision. Therefore, Petitioner is only entitled to relief if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Federal law.

The clearly established federal law for ineffective assistance of counsel claims is the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *See Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them; otherwise, the petitioner risks summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v.*

4

*Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Delaware Supreme Court did not specifically apply the *Strickland/Hill* standard in affirming the Superior Court's decision. Nevertheless, the Court concludes that the Delaware Supreme Court's decision was not contrary to *Strickland* or *Hill*, as the Delaware case[2] cited by the Delaware Supreme Court refers to the applicable precedent. *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir. 2008) (Supreme Court of Pennsylvania's decision was not "contrary to" clearly established Federal law because appropriately relied on its own state court cases, which articulated the proper standard derived from Supreme Court precedent); *Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

This does not complete the Court's inquiry under § 2254(d)(1) because the Court must also determine if the Delaware Supreme Court's application of the *Strickland/Hill* standard was reasonable. After considering Petitioner's Rule 61 motion, the Superior Court held the Petitioner was bound by the assertions he made regarding the voluntary and knowing nature of his guilty plea prior to and during the plea colloquy, because Petitioner had failed to provide clear and convincing evidence to the contrary. *See Stuart*, 2008 WL 4868658, at *3. Having determined that Petitioner's guilty plea was voluntary, knowing, and intelligent, the Superior Court held that

---

[2]The Delaware Supreme Court cited to *Albury v. State*, 551 A.2d 53 (Del. 1988), which involved the application of *Strickland* and *Hill* to claims of ineffective assistance of counsel in the guilty plea process.

5

Petitioner had waived his claims of discovery violations, incomplete investigations, and defective charging documents, because these alleged errors occurred prior to the entry of his guilty plea. *See id.* The Superior Court then denied the two instant ineffective assistance of counsel claims, because Petitioner had "failed to demonstrate that his extremely competent and experienced counsel made any errors, let alone grievous errors that probably would have resulted in a different outcome." *Id.*

The Delaware Supreme Court affirmed the Superior Court's decision. *Stuart,* 2009 WL 685164, at *1. Although this affirmance was primarily for the same reasons articulated by the Superior Court, the Delaware Supreme Court also specifically held there was no evidence that defense counsel coerced Petitioner to enter a guilty plea. *Stuart,* 2009 WL 685164, at *1.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977). Here, the transcript of the April 9, 2007 plea colloquy contains Petitioner's clear and explicit statements that he had discussed his case with his lawyers and that he was satisfied with his counsels' representation. (D.I. 19) Petitioner also stated that he understood he faced a possible maximum sentence of life in prison, and a minimum mandatory sentence of 15 years. *Id.* In turn, the Truth-In-Sentencing Guilty Plea Form signed by Petitioner indicates that: he knowingly and voluntarily entered into his plea agreement; he had not been promised anything not contained in the plea agreement; he was not forced or threatened to enter the plea agreement; and he knew he faced a possible maximum sentence of life in prison. *Id.*

Petitioner's unsupported allegations in this proceeding fail to provide compelling

evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Therefore, based on the aforementioned record, the Court concludes that the Delaware State Courts reasonably applied *Blackledge* in holding that Petitioner was bound by the representations he made during the plea colloquy and on the Truth-In-Sentencing form.

In turn, the statements Petitioner made during the plea process belie his present allegations that counsel coerced him to plead guilty or that counsel failed to disclose certain information and evidence, thereby defeating his attempt to establish deficient performance on the part of defense counsel. Petitioner also cannot satisfy the prejudice prong of the *Strickland/Hill* standard, because he has failed to demonstrate that he would not have pled guilty but for counsels' alleged actions. Thus, the Court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in denying Petitioner's arguments. Accordingly, the Court will deny the Petition in its entirety.

## CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.